# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| D'ORO MCKINNEY, | ) | CASE NO. | 1:10CR63 |
| | ) | | (1:11CV2654) |
| PETITIONER, | ) | | |
| | ) | | |
| vs. | ) | JUDGE SARA LIOI | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| | ) | **MEMORANDUM OPINION** | |
| RESPONDENT. | ) | | |
| | ) | | |

Before the Court is petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. (Doc. No. 50.) The Court has conducted the initial consideration required by Rule 4(b) of the Rules Governing Section 2255 Proceedings and concludes that respondent need not file an answer, motion or other response because petitioner is not entitled to relief. The motion is **DENIED** and the case will be **DISMISSED**.

## BACKGROUND

On February 10, 2010, a federal grand jury returned an indictment charging petitioner with one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). On March 31, 2010, a superseding indictment was filed charging petitioner with one count of felon in possession of a firearm and ammunition in violation of § 922(g)(1).

Petitioner initially entered a plea of not guilty, but later changed his plea. At a hearing conducted on May 20, 2010, petitioner, represented by appointed counsel, pled guilty to

the one-count superseding indictment. On July 27, 2010, this Court sentenced petitioner to 41 months, followed by three years of supervised release.

On July 28, 2010, represented by new appointed counsel, petitioner timely appealed his sentence. On September 28, 2011, the Sixth Circuit affirmed the sentence. Petitioner did not file a petition for certiorari.[1] Rather, on December 7, 2011, he filed the instant motion under § 2255.

## DISCUSSION

**A.     Applicable Law**

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]"

In order to obtain relief under § 2255, a petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). To prevail on a non-constitutional error, a petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Watson v. United*

---

[1] The mandate issued on October 20, 2011; however, for purposes of determining timeliness of this petition, the date of the judgment, not the mandate, is the relevant date. *See* Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate ...."). Under that rule, a petition for certiorari would have been due by December 27, 2011.

*States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Moreover, to obtain this form of collateral relief, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal[,]" *United States v. Frady*, 456 U.S. 152, 166 (1982), because "[o]nce the defendant's chance to appeal has been waived or exhausted . . . [a court is] entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *Id*. at 164.

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Where the judge considering the § 2255 motion also presided over the plea, the judge may rely on his or her recollections of the proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The Court finds that an evidentiary hearing is not warranted in the present case.[2]

**B.    Timeliness of the Motion**

Under § 2255(f)(1), a motion to vacate, set aside or correct a sentence must be filed within one year of "the date on which the judgment of conviction becomes final[.]" A federal judgment becomes final "'when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek

---

[2] This Court presided over petitioner's plea hearing and sentencing. However, there is no need for the Court's independent recollection of the proceedings because the transcripts of the proceedings provide enough evidence that relief under § 2255 is not warranted.

certiorari, 'when the time for filing a certiorari petition expires.'" *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

Petitioner's motion was timely filed.

**C.     Grounds Raised**

Petitioner has raised five grounds for relief: (1) the traffic stop violated his Fourth Amendment rights; (2) the gun was not where the officer said it was; (3) he was already secured in the patrol car at the time of the search of his car; (4) there was no probable cause to search his car when he was arrested for driving under suspension; and (5) his appointed attorney "never worked for [him]" as evidenced by the attorney's failure to challenge the unlawful stop.

The petitioner did not raise any of these issues on direct appeal to the Sixth Circuit. In addition, the petitioner waived the first four issues as a result of his guilty plea, and the fifth issue, construed as a claim of ineffective assistance of counsel, has no merit.

At his change of plea hearing, petitioner, while under oath, was engaged by this Court, in relevant part, as follows:

> THE COURT: Before I can decide whether to accept your plea, it is necessary that I ask a number of questions of you to be sure that you understand the constitutional rights that you will be giving up by entering this plea and to make certain that you understand what the consequences of this plea may be.
>
> If you have any questions whatsoever, please ask me to stop so that you may ask your question and the Court, your attorney, or the government's attorney will respond to your question.
>
> Do you understand this instruction, sir?
>
> THE DEFENDANT: Yes.
>
> * * *

THE COURT: Have you had sufficient time and opportunity to review the superseding indictment and discuss the charge and the case in general with your attorney?

THE DEFENDANT: Yes.

THE COURT: It's the Court's understanding that there is no written plea agreement between you and the government in this case; is that correct, sir?

THE DEFENDANT: Yes.

\* \* \*

THE COURT: Do you understand that if there were a trial in this case you would enjoy certain important constitutional rights?

THE DEFENDANT: Yes.

THE COURT: Do you further understand that by entering a plea of guilty, you are giving up these rights?

THE DEFENDANT: Yes.

THE COURT: I'm going to review and discuss the rights with you now. If you have any questions, please stop me, let me know that you have a question, and your question will be addressed.

You have a constitutional right, if you wish, to have your case tried to a jury. By entering a plea of guilty to this charge, you are giving up your right to a jury trial.

Do you understand this right?

THE DEFENDANT: Yes.

THE COURT: Do you give up this right?

THE DEFENDANT: Yes.

\* \* \*

THE COURT: If there were a trial in this case you would be presumed innocent. The government would be required to prove that you are guilty by competent evidence beyond a reasonable doubt.

5

> Do you understand this right?

THE DEFENDANT: Yes.

THE COURT: Do you give up this right?

THE DEFENDANT: Yes.

THE COURT: If there were a trial in this case you would have the right to confront and cross-examine witnesses called against you, that is, witnesses for the government would have to come to Court and testify in your presence, and your attorney could cross-examine those witnesses and object to evidence offered by the government in this case.

> Do you understand this right, sir?

THE DEFENDANT: Yes.

THE COURT: Do you give up this right?

THE DEFENDANT: Yes.

THE COURT: If you were to go to trial you would also have the right to call witnesses to testify in your own behalf. You can compel them to appear here in court to testify for you by the issuance of a subpoena which is a Court order.

> Do you understand this right?

THE DEFENDANT: Yes.

THE COURT: Do you give up this right?

THE DEFENDANT: Yes.

\* \* \*

THE COURT: Do you understand that if I accept your plea of guilty, you will be giving up all of the rights we have just discussed, there will be no trial, and I will enter a judgment of guilty against you in this case?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions whatsoever thus far, sir?

    THE DEFENDANT: No.

(Transcript of Change of Plea ("Tr."), Doc. No. 44 at 3-8.)

It is quite clear that petitioner understood that he was waiving all rights to challenge any aspect of the traffic stop, the arrest, and the conviction. At no point did petitioner preserve any of these rights. Therefore, his first four grounds for relief have no merit because petitioner waived these grounds.

Turning to the fifth ground for relief, which the Court construes as a claim of ineffective assistance of counsel,[3] the Court notes that such a claim "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003) (holding that requiring a criminal defendant to bring an ineffective assistance of counsel claim on direct appeal would not promote the objectives of conserving judicial resources and respecting finality of judgments primarily because the district court is the forum better suited to developing the facts necessary to determine adequacy of representation.) Therefore, petitioner has properly raised his fifth ground for relief.

To establish ineffective assistance of counsel, petitioner must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, an attorney provides ineffective assistance where counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771 (1970).

---

[3] This ground does not challenge the effectiveness of petitioner's appellate counsel. It challenges only the effectiveness of Mr. Timothy Ivey, who represented petitioner up to and including his plea and sentencing.

Petitioner is unable to meet this test. At his change of plea hearing, the Court noted that petitioner had sent a letter to the Court (which was filed under seal, *see* Doc. No. 25) in which he complained that he was not being properly represented by Mr. Ivey. The Court questioned petitioner as follows:

> THE COURT: And I do think that we should address one matter. I believe we addressed it at the last hearing on the record, but the Court, following that hearing, had received a letter from you with respect to your representation by Mr. Ivey. And I want to make sure that you are now satisfied and you wish to proceed with this plea today.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Yes, you're satisfied with your attorney's representation of you and you wish to proceed with the plea; is that correct?
>
> THE DEFENDANT: Yes, ma'am.

(Tr. at 2-3.) Clearly, petitioner expressed that he was satisfied with the representation he was receiving, notwithstanding an earlier letter complaining about the representation.

In addition, during the change of plea hearing, this Court asked petitioner whether he "had sufficient time and opportunity to review the superseding indictment and discuss the charge and the case in general with [his] attorney[,]" and petitioner answered in the affirmative. (Tr. at 5.) The Court reviewed for petitioner's benefit the elements of the crime that the government would be required to prove beyond a reasonable doubt (Tr. at 18-19), and asked the government's counsel to "state the facts that the government is prepared to prove at trial in this case." (Tr. at 19.) The government's counsel stated the facts that would be proven as follows:

> MS. KELLEY: [...] At trial, the United States would prove beyond a reasonable doubt that in the early morning hours of January 27, 2010, Cleveland police officers were patrolling in the area of Saint Clair Avenue and East 125th Street in Cleveland, Ohio.

8

> The police officers observed a Pontiac with no front license plate. They activated their lights, pulled the car over, and determined that Mr. McKinney was the driver of that car. They asked him for a driver's license. He stated he did not have one. Then he was asked to step out of the vehicle.
>
> Because the vehicle was going to be towed, there was an inventory search of the car and the .38 caliber revolver, the Harrington & Richardson, which was loaded with three live rounds, was found in the back seat of the vehicle. They Mirandized Mr. McKinney and asked him about the firearm. He said he had the gun because he was having a problem with his girl's ex-boyfriend.
>
> The investigation showed that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that was a robbery charge in December of 2005 in Cuyahoga County.
>
> And the investigation also showed that the firearm and the ammunition were manufactured outside the State of Ohio and had moved in interstate commerce.

(Tr. at 19-20.) Following this recitation, the Court engaged petitioner as follows:

> THECOURT: [...] Mr. McKinney, do you acknowledge that the facts as recited by the government's attorney are facts that the government would be able to establish at trial in this case by proof beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Mr. McKinney, have you discussed this case and this plea in detail with your attorney and has your attorney advised you of your constitutional and other rights, the nature of the charge, the elements of the offense that the government would have to prove at trial, the evidence that the government would present at trial, possible defenses that you might have, the advisory sentencing guidelines, and other aspects of sentencing and other potential consequences of pleading guilty in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you fully satisfied with the legal services and advice provided to you by your attorney?
>
> THE DEFENDANT: Yes.

THE COURT: Has anyone, including the government, made any promises or assurances, directly or indirectly, to you to try to induce you or persuade you to plead guilty?

THE DEFENDANT: No.

THE COURT: Has anyone forced you, coerced you, or threatened you in any way to get you to enter this plea, sir?

THE DEFENDANT: No.

THE COURT: Is your plea of guilty being made freely and voluntarily, sir?

THE DEFENDANT: Yes.

THE COURT: Have you freely and voluntarily given up the constitutional rights that we reviewed?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions whatsoever about this plea, sir?

THE DEFENDANT: No.

THE COURT: Are you now certain that you still wish to enter a plea of guilty in this case, sir?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if I accept your plea, you will give up all of the rights we have discussed, you will not have a trial, and I will find you guilty of the offense charged against you in the superseding indictment?

THE DEFENDANT: Yes.

* * *

THE COURT: Very well. And finally, Mr. McKinney, knowing all of your rights, all of the rights that you are giving up by entering this plea, knowing what the possible consequences of your plea in this case may be and the possible sentence that you may face under this plea, how do you plead to Count 1 of the superseding indictment which charges you with felon in possession of a firearm?

      THE DEFENDANT: Guilty.

(Tr. at 20-23.) Quite clearly, petitioner acknowledged, without question or challenge, the facts that the government was prepared to prove, including those relating to the traffic stop (which petitioner now claims his counsel should have challenged). In addition, petitioner clearly stated that his counsel had explained everything, including the elements of the crime, possible defenses, and the consequences of his plea, including the possible sentence. There is absolutely nothing to suggest that petitioner's plea was in any way involuntary or uncounseled; nor is there any evidence that he was dissatisfied with any failure on the part of his counsel to challenge the facts relating to the traffic stop.

## CONCLUSION

For the reasons discussed above, the motion to vacate, set aside, or correct sentence is **DENIED** and the case is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

      **IT IS SO ORDERED**.

Dated: March 31, 2012

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**